# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SARA STEARMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File |
| vs. ) | No. _____ |
| ) | |
| 409 BROADWAY VENTURE, LLC ) | |
| d.b.a. NUDIE'S HONKY TONK, ) | |
| and WILLIAM W. MILLER, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Sara Stearman, by and through counsel, files this Complaint against Defendants 409 Broadway Venture, LLC d.b.a. Nudie's Honky Tonk ("Nudie's") and William W. Miller ("Miller") (collectively "Defendants") for violations of the Fair Labor Standards Act ("FLSA" or "Act"). 29 U.S.C. §§ 201 *et seq.*

### I.     JURISDICTION AND PARTIES

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b).

3. Each of the Defendants are subject to personal jurisdiction in the State of Tennessee for the purpose of this lawsuit.

4. Defendant Nudie's is a Tennessee corporation with its principal office address on file with the Tennessee Secretary of State as 119 3rd Avenue S, Nashville, TN 37201-2001.

5. At all times material to this action Defendant Nudie's was an "employer" as defined by 29 U.S.C. §203(d) of the FLSA.

6. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

7. At all relevant times, Defendant Nudie's has continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

8. Defendant Nudie's had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

9. At all relevant times, Defendant Miller was the owner, general manager, and/or primary decision maker for Nudie's.

10. Defendant Nudie's registered agent for service of process is William W. Miller, 95 White Bridge Rd Ste 308, Nashville, TN 37205-1484.

11. Defendant Miller exercised management control over the operations of Nudies, including employment policies and practices.

12. At all times material to this action Defendant Miller was an "employer" as defined by 29 U.S.C. §203(d) of the FLSA.

13. Plaintiff Stearman is a resident of Tennessee.

14. At all times material to this action Plaintiff was an "employee" of Defendants as defined by 29 U.S.C. §203(e)(1) of the FLSA.

## II. FACTUAL BACKGROUND

15. Defendants own and operate as a "honky tonk" in a 3 story bulding housing multiple bars, three stages, serving drinks and food to customers.

16. Defendants are individual and joint employers.

17. Defendants hired Plaintiff in approximately October 2019.

18. Plaintiff's employment with Defendants ended in approximately August 2021.

19. Defendants employed Plaintiff as a bartender.

20. Plaintiff was entitled to a minimum wage of at least $7.25 per hour for all hours up to forty hours in a workweek. See 29 U.S.C. §206.

21. For a workweek longer than forty hours Plaintiff was entitled to one and half times the regular rate at which she was employed. 29 U.S.C. §207.

22. Defendants classified Plaintiff as a "tipped employee" under the FLSA. See 29 U.S.C. §203(t).

23. Defendants did not pay Plaintiff a direct hourly cash wage of at least $7.25 per hour.

24. Defendants paid Plaintiff a direct hourly cash wage less than $7.25 per hour.

25. Defendants were required to pay a cash wage not less than $2.13 per hour for hours worked up to 40 hours in a workweek.

26. For all hours recorded and paid Defendants claimed a tip credit.

27. Defendants did not record all time Plaintiff spent performing compensability activity.

28. For a majority of the days that Plaintiff was not scheduled to work, Defendants

required that Plaintiff remain "on-call" and show up to the restaurant within 30 minutes if needed.

29. During this "on-call" time, Plaintiff must be available for Defendants from 8 PM to 1 AM and readily available for a phone call and to drive to the restaurant to work.

30. This "on-call" time restricted Plaintiff free time to the extent she was unable to enjoy any personal activities.

31. Defendants refused to pay Plaintiff any wages for this "on-call" time.

**A.  Plaintiff's Pre-Bartending Activities**

32. Plaintiff routinely arrived to work 30 to 60 minutes before the doors opened to the public.

33. Defendants required Plaintiff to perform tasks, before she served customers as a bartender.

34. Plaintiff's pre-bartending tasks, included but are not limited to: cleaning glass windows and windowsills; cleaning bathrooms, including but not limited to: cleaning trash, retrieving, transporting, and replacement paperstock; wiping down and sanitizing bar, table tops, chairs, and stools; wiping down and sanitizing menus; wiping down andsanitizing condiment and napkin and straw caddies; emptying, filling, replacing condiments; straightening up and sanitizing shelves and cubbies; cleaning all liquor bottles; cleaning under and around registers; cleaning, organizing, and restocking coolers.

35. Defendants allowed Plaintiff to bartend only after completing these pre-bartending duties.

**B.  Engaged to wait while no clients.**

36. While employed as a bartender and serving customers, Plaintiff was routinely

assigned contemporaneous duties that included non-tipped, maintenance-type, managerial, food prep, cleaning and non-customer service duties while employed by Defendants.

37. Such contemporaneous duties included, but were not limited to: extensive cleaning throughout the restaurant; stocking plastic cups; restocking condiments; cleaning under the bar and tables; cleaning floors in the restaurant; cleaning and restocking the drink station; cleaning and restocking the bartender station; and cleaning table caddies.

38. Such contemporaneous, non-tipped duties amounted to a majority of Plaintiff's time during the workday.

39. The contemporaneous duties were not tipped duties and were required to be performed for extensive and unreasonable periods of time during Plaintiff's shift.

### C. Plaintiff's post-Bartending Job Duties.

40. On weekdays, Plaintiff routinely worked two to three hours after the doors closed to the public and no more customers were in the restaurant.

41. On weekends, Plaintiff routinely worked four to five hours after the doors closed to the public and no more customers were in the restaurant.

42. A majority of Plaintiff's post-bartending job duties were performed while off the clock.

43. Management routinely clocked Plaintiff after her shift but while still performing these post-bartending job duties.

44. Defendants required Plaintiff to perform tasks, after she served customers as a bartender.

45. After Plaintiff stopped serving customers, Plaintiff was required to perform

closing duties including but not limited to: retreiving, transporting, and stocking computer paper, cups, straws, beverage napkins, silverware, dinner napkins, condiments and food caddies; retrieving, transporting, and hand cleaning bottles and plates; wiping the bar tops and tables; refilling sanitizer bucket; cleaning trash from bar top and tables; straightening the chairs and tables; removing cups and straws from bar and placing them on the back bar counter; sanitizing and cleaning all metal parts on the wells; restocking all bottles from ice wells; wiping down all bottles; removing dinner napkins, juice, red bull, silverware, plates, rags from tops of drop-in coolers and sanitizing all coolers and restocking all items; wiping down the backs of the counters; wiping down all registers; sanitizing all menus; capping all liquor bottles; cleaning trash off the stage; cleaning all river troughs; and waiting for management to run cash out before Plaintiff could leave.

### III.  VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

46. Plaintiff realleges and incorporates by reference the preceding paragraphs of the Complaint as if they were set forth fully herein.

47. Defendants failed inform Plaintiff of the provisions in 29 U.S.C. §203(m) before claiming a tip credit.

48. Defendants unlawfully claimed a tip credit for all hours recorded and paid.

49. Defendants violated the FLSA by failing to record and pay Plaintiff for all compensable activity.

50. Defendants failure to record and pay all hours worked resulted in a violation of the FLSA's tip-credit requirements.

51. Defendants unlawfully claimed a tip credit for all hours recorded and paid because

6

Case 3:23-cv-00766    Document 1    Filed 07/27/23    Page 6 of 9 PageID #: 6

the actual rate of pay fell below that appearing on pay check becaue it failed to include all compensable time.

52. Defendants knew or should have known it was not compensating Plaintiff for all hours worked.

53. Defendants violated the Fair Labor Standards Act minimum wage by failing to pay Plaintiff a direct cash of at least $7.25 per hour for hours up to forty in a workweek for time spent performing non-tipped work in excess of 20% of their work time.

54. Defendants violated the Fair Labor Standards Act overtime compensation provision by failing to record all hours worked in excess of forty hours in a workweek.

55. Defendants violated the Fair Labor Standards Act by failing to pay Plaintiff a direct cash of at least $10.88 per hour or time and a half her regular rate of pay in workweeks Plaintiff worked in excess of forty hours a week.

56. Defendants violated the Fair Labor Standards Act by failing to pay Plaintiff a direct cash of at least $10.88 per hour or time and a half her regular rate of pay in workweeks Plaintiff worked in excess of forty hours a week for time spent performing non-tipped work in excess of 20% of their work time.

57. In the alternative Plaintiff is entitled to minimum wage and overtime at the federally mandated non-tippedrate for time spent performing janitorial and maintenance type work.

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

59. Plaintiff suffered damages due to Defendants' willful misconduct.

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

A. An award of unpaid compensation for wages to Plaintiff;

B. An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C. An award of an amount equal to any increased tax liability incurred by Plaintiff as result of any lump sum payment of monetary award, including but not limited to backpay, award of reasonable attorney's fees and another monetary amount awarded;

D. An award of all liquidated damages for unpaid wages to Plaintiff;

E. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff;

F. Such other and further relief as this Court deems just and proper.

Respectfully submitted this July 27, 2023.

**Arciniegas Law, PLLC**

*/s/ Daniel Arciniegas*
Daniel Arciniegas
TN BPR #035853
1242 Old Hillsboro Road
Franklin, TN 37069
(629)777-5339 telephone
Daniel@attorneydaniel.com

**HALL & LAMPROS, LLP**

Andrew Lampros
TN Bar # 020167
*Pro Hac* to be filed
Gordon Van Remmen

GA Bar # 215512
*Pro Hac* to be filed
300 Galleria Parkway
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
alampros@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*